IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| INTELLIGENT VERIFICATION SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:12-cv-525-AWA-LRL |
| MICROSOFT CORPORATION, and MAJESCO ENTERTAINMENT CO., Defendants. | ) ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT CORPORATION'S RESPONSES TO INTELLIGENT VERIFICATION SYSTEMS, LLC'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION, AND ELECTRONICALLY STORED INFORMATION DISCLOSURES**

Plaintiff Intelligent Verification Systems, LLC ("IVS"), by and through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Compel Defendant Microsoft Corporation's Responses to certain IVS' First Set of Interrogatories and IVS' First Request for Production of Documents, and required Electronically Stored Information (ESI) disclosures under the Court's Order of April 10, 2013. [D.I. 52.]

**I.      INTRODUCTION**

Plaintiff Intelligent Verification System, LLC ("IVS") comes before the Court wishing it could report that discovery from Defendant Microsoft is proceeding smoothly and without issue. Unfortunately this is not the case. Nearly three months have elapsed since Microsoft's responses to IVS' initial discovery requests were due and Microsoft still has major deficiencies in its discovery.  As Microsoft's counsel acknowledged, if the present action remained in the Alexandria Division, Microsoft would have needed to complete its discovery by now. Microsoft

is unquestionably capable of having completed discovery by this point in the litigation, but instead is more interested in dragging its heels.  To date, IVS has already had to send Microsoft no less than five (5) letters on Microsoft's non-compliance with its discovery obligations. The multiplicities of discovery deficiencies are at varying stages of resolution. However, there are several issues where Microsoft has unequivocally refused to provide discovery after holding a meet-and-confer, and thus require the Court's intervention.

IVS has been diligently seeking discovery from Microsoft since the inception of this litigation. As a courtesy, IVS provided Microsoft with a copy of the discovery it was intending to seek on October 22, 2012. Per agreement and the Scheduling Order of the Court, the requests were officially served in January, but regardless, Microsoft has had over eight months to get its written discovery and document production in order. And yet, there are fundamental problems with the discovery Microsoft has provided to date. As a result, IVS brings this motion to request that the Court compel Microsoft to produce the requested documents, interrogatory responses, and disclosures.

## II.     ARGUMENT

The discovery respectfully requested in this motion is grouped into the following three categories.

### A.  Identification of Products that Utilize Face Data Enhancement Technology

IVS seeks a response to Interrogatory No.2 from IVS' First Set of Interrogatories to Microsoft,[1] which asks for the identification of certain Microsoft products.  To date, Microsoft has provided no responsive information to IVS' interrogatory.

---

[1] *See* Marion Decl. Ex. 1, Intelligent Verification Systems, LLC's First Set of Interrogatories to Defendant Microsoft Corp., dated October 22, 2012, and served on January 7, 2013.

At a layman, nontechnical level, the patent-at-issue concerns the use of information obtained from a user's face and using that obtained face information to facilitate or enhance the user's interaction with a game or entertainment apparatus/system. This was more specifically defined in IVS' discovery requests as "Face Data Enhancement" technology. IVS' Interrogatory No. 2 required Microsoft to identify its products that utilize Face Data Enhancement technology. Microsoft has explicitly stated it will not respond to this Interrogatory [2]

In response, Microsoft stated that "Microsoft contends that Plaintiff bears the burden of proving infringement and of identifying allegedly infringing products" then proceeded to list products that IVS identified in its Complaint.[3] After a meet-and-confer, Microsoft maintains that since it does not have the burden of proof on this issue, it does not have to respond to this Interrogatory.

Microsoft's response to IVS' interrogatory is a non-sequitur and complete non-sense. If a party could refuse discovery on issues for which it did not have the burden of proof, then how could any plaintiff obtain discovery on damages? Or, in this particular case, Microsoft would not be entitled to any discovery from IVS on anything concerning potential invalidity. IVS is permitted to obtain discovery on any topic that is relevant to any claim or defense in this litigation. Although many of Microsoft's products are publicly available, there may be any number of products that Microsoft has used, made, offered for sale, sold, or imported in the United States that are not well-known or publicly available. <u>All</u> of the Microsoft products that use Face Data Enhancement technology must be disclosed.

---

[2]*See* Marion Decl. Ex. 2, Email chain between counsel for IVS and counsel for Microsoft, email from Michael Marion dated June 5, 2013. IVS notes that Microsoft has agreed to provide the details requested in the latter part of Interrogatory No. 2 (i.e. all names, designations, and codes used to identify each of the listed products), but without Microsoft stating what the underlying products are, IVS is unsure what Microsoft has agreed to provide.

[3]*See* Marion Decl. Ex. 3, Microsoft's Reponses to Plaintiff's First Set of Interrogatories.

Undoubtedly, the products-at-issue in this case are within the scope of discovery and Microsoft has provided no legitimate objection to withhold this basic information. For all these reasons, IVS respectfully moves the Court to compel a complete response to IVS' Interrogatory No. 2.

B.  **Discovery of the Xbox One**

On May 21, 2013, Microsoft announced the Xbox One, the "highly anticipated next Xbox and entertainment system," with a worldwide launch of November 2013.[4] Although Microsoft has not released full details on the Xbox One yet, it has been reported that the Xbox One "can track six people at a time and tracks their moods via facial recognition."[5] Quite simply, it is a reasonable assumption (since the technology itself is still under Microsoft's lock and key) that any use of Face Data Enhancement technology in the Xbox One will be more advanced than what the current generation Xbox 360 utilizes.

Despite Microsoft's well-publicized reveal of its new system, Microsoft has unequivocally stated that the Xbox One is not part of this case.[6] The new Microsoft Xbox One (and all related components and games) have been made and in used in the United States and now are being offered for sale in the United States.[7] Discovery of the Xbox One is relevant to

---

[4]*See* Marion Decl. Ex. 4, Microsoft Press Release, "Xbox One ignites a new era of games and entertainment this November," dated June 10, 2013, available at http://www.microsoft.com/en-us/news/Press/2013/Jun13/06-10NewGamesPR.aspx.

[5]*See* Marion Decl. Ex. 5, Xbox One's Kinect is Legitimately Awesome, IGN.com, dated May 21, 2013, available at http://www.ign.com/articles/2013/05/22/xbox-ones-kinect-is-legitimately-awesome.

[6]*See* Marion Decl. Ex. 2, Email chain between counsel for IVS and counsel for Microsoft, email from Ahmed Davis, dated June 5, 2013.

[7]*See* Marion Decl. Ex. 6, Xbox One Day One pre-order, available at http://xbox.microsoftstore.com/store/msusa/en_US/html/pbPage.PDP/productID.282124000.

IVS' claim of patent infringement and Microsoft has provided no legitimate objection to the wholesale withholding of Xbox One discovery.

IVS seeks to compel the production of all relevant information in response to IVS' First Set of Interrogatories and First Set of Production of Documents to Microsoft on the Xbox One. IVS also seeks production of all relevant ESI documents on the Xbox One, including identification of custodians and searching of all relevant keywords for ESI, including but not limited to Xbox One and the project's code name, Durango.[8]

For all these reasons, IVS respectfully moves the Court to compel a complete response to IVS' discovery on the Xbox One.

### C. Electronically Stored Information on Financials and Licensing

IVS seeks production of Electronically Stored Information (ESI) from Microsoft on issues of financial information and licensing. At a minimum, this discovery is relevant and responsive to IVS' Request for Production Nos. 46-48, 73, 75-76.[9] Microsoft's failures here are even more fundamental—<u>Microsoft has refused to even look for potentially responsive documents</u>, as Microsoft is refusing to identify any custodian of ESI documents for these areas.

Under paragraph 1(a) of the Order Governing the Production of Electronically Stored Information (ESI) [D.I. 52], Microsoft was required to disclose "[t]he custodians most likely to have discoverable information in their possession, custody or control. The custodians shall be identified by name, title, and the expected subject matter of the information." In response,

---

[8] *See* Marion Decl. Ex. 7, Durango on the Horizon: Here's What's Interesting About Microsoft's New Xbox, AllThings.com, dated May 21, 2013, available at http://allthingsd.com/?p=323491&ak_action=printable.

[9] *See* Marion Decl. Ex. 8, Microsoft's Reponses to Plaintiff's First Set of Request for Production of Documents, dated March 11, 2013.

Microsoft identified 7 individuals with their Expected Subject Matter as "Technical information regarding accused products" and 1 individual with his Expected Subject Matter as "Information regarding marketing of accused products."[10] At a minimum, Microsoft has failed to identify any custodian concerning financial information and licensing. Unless Microsoft, the company that practically invented email, insists that it conducts all financial and licensing activities by ink and paper, IVS cannot fathom how there cannot be custodian(s) for at least the areas of financial information and licensing.

The only justification Microsoft has attempted to provide is that it will not be using search terms to identify responsive ESI documents for these areas, and thus does not need to identify custodians. This response is wholly irrelevant to the issue of the identification of custodians. The obligation of Microsoft to identify custodians under Paragraph 1(a) of the ESI Order is independent of whether the producing party would use any particular search methodology under Paragraph 3 to produce responsive documents. As such, Microsoft provides no justification for violating the Court's Order on ESI.

Microsoft further seems to imply that it has no responsive ESI documents on the issues of financial information and licensing. It would be one thing if Microsoft were to proffer that it has no responsive ESI documents concerning financial information or licensing after conducting a reasonable search (but rather inconceivable). Microsoft's position is even more incredible. Microsoft is stating that it <u>already knows</u>, <u>without even searching</u>, that it has no responsive ESI documents concerning financial information or licensing. This is a wholesale failure of Microsoft to comply with discovery.

---

[10] *See* Marion Decl. Ex. 9, Microsoft Corporation's Electronically Stored Information (ESI) Disclosures.

For these reasons, IVS seeks identification of custodians on financial information, licensing, and any other area where Microsoft has failed to identify any ESI custodian(s). IVS further seeks production of ESI documents on financial information, licensing, and any other area where Microsoft has failed to identify any ESI custodian(s).

### III.     CONCLUSION

For the above reasons, the Court should grant IVS' motion to compel in full.


Dated:  June 14, 2013                           Respectfully submitted

/s/ Michael B. Marion
Michael B. Marion

Michael K. Mutter, VSB# 21172
*mkm@bskb.com*
Robert J. Kenney, VSB# 27668
*rjk@bskb.com*
Quentin R. Corrie, VSB# 14140
*qrc@bskb.com*
Michael B. Marion, VSB#77025
*mbm@bskb.com*
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road
Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
*mailroom@bskb.com*

*ATTORNEYS FOR INTELLIGENT
VERIFICATION SYSTEMS, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th of June, 2013, a true and correct copy of the above document, was served via the Court's ECF system to the counsel listed below:

William R. Poynter
John B. Swingle
WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462-3035
Telephone: (757) 473-5334
Facsimile: (757) 473-0395
wpoynter@williamsmullen.com
jswingle@williamsmullen.com
*Attorneys for Defendant Majesco Entertainment Co.*

Ruffin Cordell
Ahmed J. Davis
Karolina Jesien
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005
cordell@fr.com
davis@fr.com
jesien@fr.com
*Attorneys for Defendant Microsoft Corporation*

/s/ Michael B. Marion
Michael B. Marion, VSB#77025
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
(703) 205-8000
(703) 205-8050 (facsimile)
*mbm@bskb.com*