IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| INTELLIGENT VERIFICATION SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICROSOFT CORPORATION, and )<br>MAJESCO ENTERTAINMENT CO., )<br>Defendants. )<br>_____) | Civil Action No. 2:12-cv-525-AWA-LRL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IN CONNECTION WITH MOTION TO COMPEL MICROSOFT CORPORATION'S RESPONSE TO INTELLIGENT VERIFICATION SYSTEMS, LLC'S INTERROGATORY NO. 10**

Plaintiff Intelligent Verification Systems ("IVS") respectfully submits this brief in support of its Request for Attorneys' Fees in Connection with its Motion to Compel Microsoft Corporation's Response to Intelligent Verification Systems, LLC's Interrogatory No. 10.

On June 30, 2014, the Court granted IVS's Motion to Compel Microsoft Corporation's Response to IVS's Interrogatory No. 10, and pursuant to Federal Rule of Civil Procedure 37(a)(5), granted IVS's request for attorneys' fees and costs in connection with the motion. The Court ordered IVS to file an affidavit substantiating its costs and fees pursuant to the factors in *Robinson v. Equifax Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). On July 29, 2014, the Court issued an Order considering the original Declaration submitted by IVS in support of its request for attorneys' fees. The Court denied IVS' request for attorneys' fees without prejudice and gave IVS the opportunity to refile the request and submit additional evidence within twenty (20) days from the date of the Order. IVS hereby refiles the Request for Attorneys' Fees in

1

Connection with IVS's Motion to Compel Microsoft Corporation's Response to IVS's Interrogatory No. 10, and IVS also files three (3) Declarations and additional external data in support of this refiled request. This Memorandum supports IVS's refiled request.

The Fourth Circuit follows the twelve *Robinson* factors to determine what constitutes a reasonable number of hours and rate in a request for attorneys' fees. These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. at 243-44 (citation omitted).

In its July 29, 2014 Order, the Court found that factors (4), (6), (7), (8), (10) and (11) are not particularly applicable to this case. Of the remaining factors, the Court found that IVS's proffer was deficient on factors (5), (9) and (12). The three declarations filed with this refiled request, along with this Memorandum in support with the refiled request, cures all the deficiencies in factors (5), (9) and (12) of *Robinson*. This Memorandum addresses each of these three *Robinson* factors in turn.

**Factor 5: Customary Fee for Like Work**

To sufficiently support the factor of the customary fee for like work, *Robinson* requires that the fee applicant "produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id*. at 244.

To support this factor, IVS first submits Declarations of Quentin R. Corrie and Michael B. Marion, the two attorneys requesting fees associated with the motion to compel. These

declarations proffer that the hourly fees requested by the fee applicants are reasonable. Additionally, the Declaration of Quentin R. Corrie provides an explanation of his lower requested hourly billing rate with respect to the hourly billing rate of Michael B. Marion.

IVS also submits specific evidence of the ranges of hourly rates of complex civil litigation attorneys in Northern Virginia in the form of the *Vienna Metro* matrix, reproduced below:

**2011 Range of Hourly Rates in Northern Virginia**

| Paralegal | Years of Experience | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
|---|---|---|---|---|---|---|
| $130-350 | Hourly Rate | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

*Vienna Metro LLC v. Pulte Home Corp.*, Case No. 1:10-cv-00502 at 12 (E.D. Va. August 24, 2011) (order granting motion for attorneys' fees and costs). The *Vienna Metro* Matrix was first adopted by the U.S. District Court for the Eastern District of Virginia in the *Vienna Metro* case and subsequently adopted in *Tech Systems, Inc. v. Pyles*, Case No. 1:12-cv-00374 and *Taylor v. Republic Services, Inc., et al.*, Case No. 1:12-cv-00523. Clearly, the hourly rates requested by both Mr. Marion and Mr. Corrie fall well within these ranges of hourly rates. Mr. Marion, an attorney with approximately six years of experience in litigation, is requesting an hourly billing rate of $400. (Marion Dec. ¶ 4.) Mr. Marion's experience in patent work, and particularly patent litigation supports the billing rate of $400 per hour, and is well within the range of $350-600 for attorneys with 4-7 years of experience provided by the *Vienna Metro* Matrix.

Mr. Corrie, an attorney with approximately forty years of experience, is requesting an hourly billing rate of $300, which is lower than the range of $505-820 for attorneys with 20 or more years of experience provided by the *Vienna Metro* Matrix. (Corrie Dec. ¶ 4.) As explained in his declaration, Mr. Corrie's hourly billing rate is usually $500. However, for this matter, in an

3

effort to incentivize the client and BSKB to have Mr. Corrie more involved in this litigation, Mr. Corrie offered to reduce his billing rate by 40%. Therefore, Mr. Corrie's billing rate on this motion was $300 per hour. (Corrie Dec. ¶ 5.)

The *Vienna Metro* Matrix provides unbiased, external evidence of the requested fees' reasonableness, and this data has been adopted multiple times by the U.S. District Court for the Eastern District of Virginia. Furthermore, this *Vienna Metro* Matrix contains data from 2011; the ranges of hourly rates for complex litigation attorneys in Northern Virginia would be even higher in 2014 than the ranges listed for 2011. The hourly rates requested by Mr. Marion and Mr. Corrie are reasonable for civil litigation in the Eastern District of Virginia, particularly in complex patent litigation.

Lastly, IVS submits the Declaration of Gregory N. Stillman, an attorney with the law firm of Hunton & Williams. Mr. Stillman is familiar with the skills of the fee applicants, the firm of Birch, Stewart, Kolasch & Birch (BSKB), and the general practice of civil litigation in the Eastern District of Virginia, including patent litigation. (Stillman Dec.) The *Robinson* Court noted that it had previously held affidavits of other local lawyers who are familiar with the skills of the fee applicants and more generally with the type of work in the relevant community to be sufficient support for the prevailing market rates. *Robinson*, 560 F.3d at 245. Mr. Stillman's Declaration provides the unbiased, external evidence of the requested fees' reasonableness that *Robinson* requires to meet factor 5, customary fee for like work.

**Factor 9: Experience, Reputation and Abilities of the Attorneys**

Factor 9 of the *Robinson* factors includes an explanation of the experience, reputation and ability of the attorneys seeking to recover the fees. To sufficiently support *Robinson* factor 9, IVS submits the Declarations of Mr. Marion, Mr. Corrie and Mr. Stillman. The Declarations of

4

Mr. Marion and Mr. Corrie attest to each attorney's respective experience in civil litigation, particularly concerning civil litigation (including patent litigation) in the Eastern District of Virginia. (Marion Dec. ¶ 3; Corrie Dec. ¶ 3.) The Declaration of Mr. Stillman, an attorney unaffiliated with the law firm of BSKB, provides an unbiased and external evaluation of the legal skills, reputation and abilities of the fee applicants, the reputation of BSKB, and civil litigation in the Commonwealth of Virginia, particularly patent litigation. (Stillman Dec.)

The *Vienna Metro* Court found this ninth factor to be satisfied when "Plaintiff's head litigators have a combined experience of over forty years handling complex real estate litigation." Vienna Metro, Case No. 1:10-cv-00502 at 15 (order granting motion for attorneys' fees and costs). Mr. Corrie and Mr. Marion have a combined experience of almost fifty years handling civil litigation, including extensive combined experience litigating in Northern Virginia and litigating complex patent cases. Moreover, the Declaration of Mr. Stillman attests to the reputation of the fee applicants and the law firm of BSKB, as well as the ability of the fee applicants and BSKB to handle these types of cases. Therefore, the Declarations of Mr. Marion, Mr. Corrie and Mr. Stillman are sufficient to meet the *Robinson* factor of experience, reputation and abilities of the attorneys.

**Factor 12: Attorneys' Fees Awards in Similar Cases**

In this Court's July 29, 2014 Order, the Court's reasons finding this factor deficient recite the same requirements needed to satisfy *Robinson* factor 5, customary fee for like work. Therefore, the Declarations of Mr. Marion, Mr. Corrie, Mr. Stillman and the *Vienna Metro* Matrix data submitted above is sufficient to satisfy factor 12, as well as factor 5.

The number of hours the fee applicants are requesting to prepare this Motion to Compel is also reasonable, in light of the circumstances created by Microsoft concerning the preparation

of this Motion to Compel. Mr. Marion and Mr. Corrie spent more hours preparing this Motion to Compel than is typically required to prepare a motion to compel, and this increased number of hours is fair and reasonable under the circumstances directly caused by Defendant Microsoft's actions during discovery. These actions by Microsoft are laid out in the following paragraphs.

IVS was essentially required to prepare the motion to compel <u>two</u> times since Microsoft supplemented its discovery after IVS filed its Motion to Compel, requiring IVS to further justify its Motion to Compel. Although Microsoft supplemented its discovery after IVS filed its Motion to Compel, this supplemented discovery was <u>still</u> not sufficient. IVS was required to make this determination by examining the supplemented production to confirm that the supplemented discovery was still insufficient to respond to IVS's discovery request.

Furthermore, IVS was required to explain to the Court why Microsoft's supplemented discovery was still not sufficient by specifically referencing a number of production documents. Microsoft's late discovery production required IVS to specifically lay out why its Motion to Compel was still required, and this additional explanation required more hours of preparation time from Mr. Marion and Mr. Corrie. Therefore, the two fee applicants were required to spend more time preparing and justifying IVS's Motion to Compel due to Microsoft's late (and still insufficient, as evidenced by the Court's granting of IVS's Motion to Compel) discovery production.

Unlike other cases where efforts have been found to be excessive or duplicative, *see e.g. Biotechpharma, LLC v. W.H.P.M., Inc.*, et al., 2012 WL 253090 (E.D. Va. 2012) (finding efforts duplicative when five attorneys each billed a significant number of hours to prepare one motion to compel), only two attorneys are requesting fees concerning the preparation of this Motion to Compel. The fee applicants are not requesting hours that are inflated, excessive or redundant, as

evidenced by the minimal staffing by BSKB on this motion and the lack of overlap on the work performed by the attorneys.

Additionally, Microsoft's late and insufficient supplemental production required IVS to spend additional hours justifying its ultimately successful Motion to Compel, in light of this production. The attorney fees associated with drafting the motion to compel with supporting declaration and arguing the motion to compel constituted less than half of the costs associated with the motion ($8,774.00). The majority of the remaining costs were incurred due to extensive document research necessary to refute the sufficiency of Microsoft's late supplementation of its interrogatory response (approximately $11,000 of the remaining costs). Microsoft's document production included millions of pages of documents, which required substantial attorney time to review and select documents to refute Microsoft's assertion that it has fully answered Interrogatory No. 10. Additionally, time was spent on multiple correspondence with Microsoft counsel attempting to schedule a date for oral argument on the motion, since Microsoft refused to make any of its counsel available for over a month after briefing was complete.

Therefore, the number of hours requested by Mr. Marion and Mr. Corrie in preparation of this Motion to Compel is reasonable in light of the circumstances created by Defendant Microsoft Corporation.

Dated: August 13, 2014              Respectfully submitted,

/s/ Michael K. Mutter
Michael K. Mutter, VSB# 21172
*mkm@bskb.com*
Robert J. Kenney, VSB# 27668
*rjk@bskb.com*
Quentin R. Corrie, VSB# 14140
*qrc@bskb.com*
Michael B. Marion, VSB#77025
*mbm@bskb.com*

BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road
Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
*mailroom@bskb.com*

ATTORNEYS FOR PLAINTIFF INTELLIGENT
VERIFICATION SYSTEMS, LLC


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of August 2014, a true and correct copy of the foregoing document was served via the Court's ECF system to the counsel listed below:

John B. Swingle
WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462-3035
Telephone: (757) 473-5334
Facsimile: (757) 473-0395
jswingle@williamsmullen.com
*Attorneys for Defendant Majesco Entertainment Co.*

William R. Poynter
KALEO LEGAL
4456 Corporation Lane, Suite 345
Virginia Beach, VA 23462
Telephone: (757) 238-6383
Facsimile: (757) 304-6175
wpoynter@kaleolegal.com
*Attorneys for Defendant Majesco Entertainment Co.*

Ruffin Cordell
Ahmed J. Davis
Karolina Jesien
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
cordell@fr.com
davis@fr.com
jesien@fr.com
*Attorneys for Defendant Microsoft Corporation*

/s/ Michael K. Mutter
Michael K. Mutter, VSB#21171
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
(703) 205-8000
(703) 205-8050 (facsimile)
*mkm@bskb.com*