UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
NOV 25 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

INTELLIGENT VERIFICATION
SYSTEMS, LLC,

Plaintiff,

v.   CIVIL ACTION NO. 2:12-cv-525

MICROSOFT CORPORATION, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

On June 30, 2014 the Court granted Plaintiff Intelligent Verification Systems LLC's ("IVS") Motion to Compel Defendant Microsoft Corporation's ("Microsoft") Response to IVS Interrogatory No. 10, and pursuant to Federal Rule of Civil Procedure 37(a)(5), granted IVS's request for attorneys' fees and costs in connection with the motion. ECF No. 169. The Court ordered IVS "to file an affidavit substantiating its costs and fees by no later than Thursday, July 10, 2014, pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009)." *Id.* On July 9, 2014, IVS submitted a Declaration in support of its request for attorneys' fees, ECF No. 171, to which Microsoft responded, ECF No. 172. Because IVS failed to proffer sufficient evidence justifying the reasonable hourly rate for which it sought attorneys' fees, the Court denied the request for reasonable expenses without prejudice to IVS' right to refile the request and submit additional evidence to remedy the deficiencies in its proffer. ECF No. 175. IVS has now submitted additional evidence by means of a memorandum in support and three declarations, ECF No. 179, and Microsoft filed its opposition, ECF No. 182. Accordingly, the matter is now ripe for disposition.

# I. **PROCEDURAL BACKGROUND**

Having previously discussed the relevant procedural history in the Court's Order denying without prejudice IVS's Request for Attorneys' Fees, ECF No. 175, the Court will not repeat said details here. Rather, only a summary is necessary to establish the context for the present request for attorneys' fees. IVS filed its Motion to Compel Microsoft to provide a complete answer to its Interrogatory No. 10, which asked Microsoft to explain how and why it chose to incorporate facial recognition technology into its products. Recognizing its interrogatory answer was deficient, Microsoft repeatedly promised to supplement its answer, but did not do so. Accordingly, IVS filed the Motion to Compel. After the Motion was filed, Microsoft finally supplemented its interrogatory answer and asked that the Motion be denied based on its supplementation. IVS, after reviewing the supplemental answer, concluded that its interrogatory question still had not been satisfactorily answered. At the hearing on the Motion to Compel, the Court agreed with IVS, ordered Microsoft to respond fully to the interrogatory, and awarded IVS its reasonable fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Specifically, the Court ordered IVS "to file an affidavit substantiating its costs and fees by no later than Thursday July 10, 2014, pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009)." ECF No. 169. IVS timely filed its request for fees, but failed to address the factors enumerated in *Robinson* and therefore failed to demonstrate the reasonableness of the fees, most particularly, the reasonable hourly rate of the attorneys. As a result, the Court denied the fee request without prejudice, giving IVS the opportunity to refile its request and submit additional evidence to remedy the deficiencies. IVS has now done so, and in support of its fee request, has proffered the declarations of IVS attorneys

Michael Marion[1] and Quentin Corrie, and of attorney Gregory N. Stillman, a partner with the Norfolk, Virginia firm of Hunton & Williams LLP who was not involved in this litigation.

According to the proffer, IVS seeks $21,781.00 in attorneys' fees calculated as follows: for Mr. Marion, 28.15 hours at a rate of $400 per hour, totaling $11,260, and for Mr. Corrie, 35.07 hours at a rate of $300 per hour, totaling $10,521. ECF No. 171, attach. 1 at 2. To justify their hourly rates, IVS relies on the aforementioned declarations. Specifically, Mr. Marion averred that he is an associate with the law firm of Birch, Stewart, Kolasch & Birch ("BSKB"), has been practicing law in Northern Virginia for approximately six years, and has "substantial experience litigating civil cases in federal courts, including patent cases and cases in the Eastern District of Virginia." Decl. of Michael Marion, ECF No. 179, attach. 1 at 2, ¶ 3 (the "Marion Declaration"). Mr. Corrie averred that he is a partner with BSKB, has been practicing law for forty years, and has "extensive experience litigating civil cases in federal and Virginia state courts, including patent cases and cases in the Eastern District of Virginia." Declaration of Quentin Corrie, ECF No. 179, attach. 2 at 2, ¶ 3 (the "Corrie Declaration"). Both attorneys averred in identical fashion "[m]y patent litigation experience includes numerous litigations in district courts throughout the United States as well as investigations before the International Trade Commission." *Compare id. with* Marion Decl. at 2, ¶ 3. Mr. Corrie explained his lower billing rate as "an effort to incentivize the client and BSKB to have me more involved in the litigation." Corrie Decl. at 2, ¶ 5.

Norfolk Attorney Gregory N. Stillman explained in his declaration that he has known Mr. Corrie for more than forty years, and is "also familiar with his experience and background as set forth in his curriculum vitae." Declaration of Gregory N. Stillman, p. 2, ECF No. 179, attach 3 at 2 (the "Stillman Declaration"). Mr. Corrie's curriculum vitae, however, was not provided to

---

[1] Mr. Marion withdrew as counsel in this case on September 18, 2014. ECF No. 208

3

the Court. In addition, although Mr. Stillman averred that he "reviewed the credentials and experience of Mr. Corrie's firm and of the lawyers who have worked on the case," *id.*, Mr. Stillman did not specifically address the experience, reputation and ability of Mr. Marion. Notably, the "credentials and experience" supplied to Mr. Stillman were not provided to the Court. In fact, other than the aforementioned excerpts from Messrs. Corrie's and Marion's declarations, none of the "the credentials and experience" of BKSB and its lawyers who have worked on this case were provided to the Court. Nonetheless, Mr. Stillman did opine that he was familiar with billing rates charged by attorneys for similar work in eastern Virginia, and stated that, based on his knowledge of Mr. Corrie and his discussion with him, along with his review of BSKB's credentials and experience, the motion and attendant briefs, and the legal bills, the time and effort expended was reasonable. *Id.* at 2-3. Additionally, he averred that the rates and amounts charged by BSKB were "fair and reasonable for this case in this Court and in this geographic region." *Id.* at 3.

IVS further supported its claim for the hourly rates sought by relying on the matrix established in Northern Virginia in *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090 (E.D. Va. 2011) (the "*Vienna Metro*" Matrix). ECF No. 179 at 3. According to this matrix, the reasonable hourly rate for Northern Virginia attorneys with four to seven years of experience is $350-600, and for attorneys with twenty or more years of experience is $505-820. *Id.* IVS also referred the Court to *Biotechpharma, LLC v. W.H.P.M., Inc.*, No. 1:11-cv-00444, 2012 WL 253090 (E.D. Va. Jan. 26 2012), for the proposition that IVS's fees were not excessive since only two attorneys were requesting fees, unlike the five attorneys in *Biotechpharma*. *Id.* at 6. Other than its reliance on the *Vienna Metro* matrix and two other cases which followed it, IVS did not refer the Court any attorneys' fees awards in similar cases for comparison purposes.

Microsoft opposed IVS's fee request, claiming it is excessive and inadequately supported. Microsoft claimed that IVS seeks compensation for work unrelated to pursuing the Motion to Compel, including review of discovery produced by Microsoft in its supplemental response to Interrogatory No. 10, and its efforts to schedule the motion to compel hearing. ECF No. 182 at 2. In addition, Microsoft contended that IVS failed to provide adequate support with respect to the skill and experience of its attorneys which would support the hourly rates requested. *Id.* at 1-2. Finally, Microsoft claimed that IVS failed to provide the Court with attorneys' fee awards in similar cases which would justify the award sought here. *Id* at 3.

## II. ANALYSIS

### A. Reasonableness of Attorneys' Fees

As the Court stated in its prior Order, ECF No. 175, it evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). In determining what constitutes a reasonable number of hours and rate, the Court looks to the factors[2] enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). Specifically in connection with an award of attorneys' fees awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court looks to (1) Factor 1: the time and labor expended; (2) Factor 2: the novelty and difficulty of the questions raised; (3) Factor 3: the skill required to properly perform the legal services rendered; (4) Factor 5: the customary fee for like work; (5) Factor 9: the experience, reputation and ability of the attorney; and (6) Factor 12: attorneys' fees awards in similar cases. *Id.; Sun Trust Bank v. Nik*, No. 1:11cv343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012). The burden is on the

---

[2] Sometimes referred to as "the *Johnson* factors," as they were first expressed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

party requesting fees to establish their reasonableness. *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews,* 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). Finally, it is within the sound discretion of the Court to fix the amount of a reasonable fee. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Because the Court specifically found in its prior Order that IVS's proffer was deficient with respect to the reasonable hourly rate, ECF No. 175 at 8, the Court starts with the analysis of those factors specifically relating to the hourly rate's reasonableness.

 1. <u>Factors 5, 9 and 12: The Customary Fee for Like Work, Attorney Experience, Reputation and Ability, and Fee Awards in Similar Cases.</u>

The three categories the Court must consider here in determining IVS's fee request all impact the hourly rate at which IVS seeks reimbursement for its attorneys. The Court starts with the fifth factor, the customary fee for like work. IVS relied on the *Vienna Metro* matrix, a 2011 range of hourly rates approved by the Court in Alexandria for attorney fee rates in Northern Virginia. ECF No. 179 at 3. According to this matrix, the hourly rate for an attorney with Mr. Corrie's forty years of experience would actually be in excess of the $300 per hour IVS seeks on his behalf. The matrix would also support the $400 per hour IVS seeks for an associate with Mr. Marion's six years of experience. Additionally, Mr. Stillman stated in his declaration that "the rates and the amounts charged by [BSKB] for legal fees and expenses are in every respect fair and reasonable for this case in this Court and in this geographic region." *Id.* at 3.

The inquiry does not end with the fifth factor, however. The Court next looks to the ninth factor, i.e., the experience, reputation and abilities of the attorneys. Attorneys Marion and Corrie proffered their own declarations asserting they had either "substantial" or "extensive" experience litigating civil cases, including patent cases, in the Eastern District of Virginia and elsewhere. However, they did not provide any information to the Court explaining the nature, breadth, or extent of that experience. Mr. Stillman stated in his declaration that he was familiar

with Mr. Corrie's "experience and background as set forth in his curriculum vitae." Stillman Decl. at 2. However, he neither explained what that experience was, nor did IVS provide Mr. Corrie's curriculum vitae to the Court. Ironically, Mr. Stillman went into great detail about his own experience and background, and provided the Court with a three page summary of his own credentials, which details Mr. Stillman's legal practice, education, bar admissions, relevant experience, memberships, publications, awards and recognition, and more. *Id.* at 5-7. This information is the type the Court expected to receive to demonstrate the experience, reputation and abilities of IVS's attorneys. Given that this information was apparently provided to Mr. Stillman, it is puzzling as to why it was not provided to the Court. Furthermore, in his declaration, Mr. Stillman made no mention of Mr. Marion at all, although he did state he had "reviewed the credentials and experience of Mr. Corrie's firm and of the lawyers who have worked on the case." *Id.* at 3. Nonetheless, what credentials and experience pertain specifically to Mr. Marion, for whom attorneys' fees are sought, is not disclosed to the Court. Consequently, the Court has little information it can rely on as to the experience, reputation and ability of Mr. Corrie, and even less as to Mr. Marion, which would support application of the *Vienna Metro* Matrix here.

Finally, with respect to the appropriate reasonable rate, the Court looks to the twelfth factor, fee awards in similar cases. The only case to which IVS directs the Court is *Biotechpharma, LLC.* ECF No. 179 at 5-7. In that case, which involved the misappropriation of trade secrets and other proprietary information, the Court found, *inter alia,* that billable rates of $295 for an associate and $395 to $425 for partners were reasonable. *Biotechpharma, LLC*, 2012 WL 253090, at *1, 5.

When considering each of the relevant factors, the Court finds that IVS's proof of the

reasonable hourly rate is lacking, especially with respect to Mr. Marion. Nevertheless, in the absence of sufficient evidence, "the Court may set a reasonable hourly rate based upon its own knowledge and experience." *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F. Supp. 2d 520, 528 (E.D. Va. 1998) (citing *EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 576 (E.D. Va. 1988)); *see also Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) (stating that where "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). Recently, the Alexandria Division of this Court found that the prevailing market rate for associates in complex civil litigation was $275 per hour, and $400 per hour for partners. *In re: Outsidewall Tire Litig.*, Case No. 1:09-cv-1217, 2014 WL 4925782, at *7 (E.D. Va. Sept. 29, 2014). Based on the evidence presented, the lack of evidence regarding the experience, reputation and ability of Mr. Marion, and its own over thirty (30) years of practice and judicial experience, the past twenty within the Eastern District of Virginia and the Fourth Circuit, the Court **FINDS** that $275 per hour more accurately reflects the market rate within the District for Mr. Marion, an associate with six years of civil litigation experience. Additionally, the Court **FINDS** that $300 per hour accurately reflects the market rate sought for Mr. Corrie. *See Depaoli v. Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (noting that evidence of the market rate may include evidence of what the attorney actually charged his client).

2. <u>Factor 1: The Time and Labor Expended</u>

Having determined the reasonable hourly rates, the Court next turns to the first factor, the reasonableness of the time and labor expended. The Court **FINDS** that the amount of time spent on the IVS' Motion to Compel—63.22 hours—was not reasonable and necessary, and, for the reasons discussed below, should be reduced. According to the BSKB billing records, Mr.

8

Marion spent 11.75 hours working on the original Motion to Compel, 9.65 hours reviewing Microsoft's opposition and working on IVS's reply, and 6.75 hours preparing for, attending, and arguing the Motion at the hearing in Norfolk, reporting the outcome of the hearing, and traveling from Norfolk to BSKB's office in Falls Church, Virginia. Mr. Corrie spent 4.58 working on the original Motion to Compel, and 30.49 hours reviewing Microsoft's opposition, researching and drafting IVS's reply.

Based on the issue being contested, the Court **FINDS** that the amount of time expended is excessive. Microsoft's answer to Interrogatory No. 10 was patently unsatisfactory at first, since its only response was to make a generalized reference to three depositions. Given Microsoft's empty promises to supplement its response after IVS attempted to resolve the dispute, IVS was well within its rights to file the motion to compel. *See Kemp v. Harris*, 263 F.R.D. 293, 295 (D. Md. 2009). The Motion, however, was uncomplicated and should not have taken over sixteen hours for two experienced attorneys to complete. The memorandum in support was six and one half pages, and the arguments made were straight-forward and uncontroversial. *See* ECF No. 153. While counsel did presumably review all three deposition transcripts to confirm that the answer to the interrogatory question was not contained therein, such deposition review is, or at least should be, conducted as a matter of course. While "[i]t is reasonable and customary for both associates and partners to work on the same motion and their time expended is not duplicative, but appropriate," *Mitile, Ltd. v. Hasbro, Inc.*, No. 1:13-cv-451, 2013 WL 5525685 (E.D. Va. Oct. 4, 2013), the total time expended is excessive and therefore requires the Court to reduce the amount claimed for time devoted to preparing and filing the motion to compel. *See Hensley*, 461 U.S. at 433 ("If the documentation of hours is inadequate, the court may reduce the award accordingly."). Accordingly, Mr. Marion's recoverable hours for preparing the motion

will be reduced to 6.0, and Mr. Corrie's recoverable hours will be reduced to 2.3.

Similarly, the Court also **FINDS** that the time expended to review Microsoft's opposition and prepare a reply brief is also excessive. Mr. Marion billed 9.65 hours for this task, and Mr. Corrie billed 30.49 hours, for a total of 40.14 hours. The Court recognizes that IVS's reply was complicated by Microsoft's attempt to supplement its interrogatory answer after the Motion to Compel was filed, thereby requiring IVS to investigate the new response to determine whether it satisfactorily answered the question asked. Nonetheless, Microsoft's opposition to the Motion to Compel was limited to two pages, and argued merely that it had been attempting to work cooperatively with IVS on responding to this discovery when IVS filed its Motion prematurely; additionally, Microsoft had since supplemented its interrogatory answer, and therefore the Motion should be considered moot. ECF No. 158. IVS included in its eight and one half page reply memorandum numerous examples of information that should have been provided by Microsoft in answering this interrogatory, but which Microsoft failed to include. ECF No. 160. While this research and its inclusion in the memorandum was appropriate, the amount of time expended to accomplish this task was excessive, and IVS has failed to sufficiently establish why so much time was needed under these circumstances. *Hensley*, 461 U.S. at 433; *Rehab. Ass'n of Va., Inc.*, 8 F. Supp. 2d at 527. Accordingly, Mr. Marion's time for reviewing Microsoft's opposition and preparing a reply will be reduced to 3.0 hours and Mr. Corrie's time will be reduced to 10.0 hours.

Finally, the time Mr. Marion billed to prepare for, attend and travel from the hearing is appropriate, and IVS may recover for the 6.75 hours Mr. Marion billed. In sum, IVS may recover in attorneys' fees for 15.75 hours for Mr. Marion's time, and for 12.3 hours for Mr. Corrie's time.

3. <u>Factors 2 and 3: The Novelty and Difficulty of the Questions Raised and the Skill Required to Properly Perform the Legal Services Rendered.</u>

Regarding the second and third factors, the Court **FINDS** that the issues raised in the Motion were not unique and were of modest difficulty, and that a fair amount of skill, which was ably demonstrated, was required to properly perform the legal services rendered. The dispute between the parties was straightforward: IVS asked in an interrogatory for Microsoft to explain how and why it chose to incorporate facial recognition technology into its products, and, despite repeated promises to do so, failed to properly respond to the question. IVS appropriately sought relief from the Court, whereupon Microsoft finally supplemented its answer. Once IVS reviewed the supplemental response and determined it was inadequate, it filed a reply brief explaining the deficiency. Consequently, following a hearing, the Court awarded IVS the relief it sought. Thus, the actual dispute between the parties was a typical discovery dispute where one party challenges the sufficiency of a response of the other party, and IVS counsel competently secured the relief they sought. The lodestar therefore will not be further adjusted.

## III. CONCLUSION

The Court has determined that IVS is entitled to reasonable attorneys' fees at the rate of $300 per hour for Mr. Corrie and $275 per hour for Mr. Marion, and that IVS is entitled to recover attorneys' fees for 15.75 hours for Mr. Marion's time, and for 12.3 hours for Mr. Corrie's time. Consequently, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court **FINDS** that IVS should be awarded reasonable attorneys' fees in the amount of $8,021.25 against Microsoft.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 25, 2014