## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

| | |
|---|---|
| **INTELLIGENT VERIFICATION SYSTEMS, LLC,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No. 2:12-cv-525 |
| } | |
| **MICROSOFT CORP.**, *et al.*, } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Intelligent Verification Systems, LLC's ("IVS") Motion to Strike Portions of the Expert Report of Dr. Vijayakumar Bhagavatula (the "Bhagavatula Report"), to Preclude Defendants From Relying on Certain Alleged Prior Art References, and to Limit the Number of Invalidity Arguments and References. ECF No. 237 (the "Motion"). Defendants Microsoft Corp. and Majesco Entertainment Co. (collectively, the "Defendants") jointly opposed, ECF No. 246, and IVS replied, ECF No. 250. As IVS neither requested this Motion be set for hearing nor heard on the pleadings in accordance with Eastern District of Virginia Local Civil Rule 7(E), the Court dispenses with oral argument and adjudicates this Motion on the pleadings alone. IVS's requests in this Motion are two-fold: first, IVS "move[d] the Court to strike all portions of the Bhagavatula Report that rely on alleged prior art references for invalidity that were not fully disclosed or the subject of a claim chart in Defendants' responses to IVS Interrogatory No. 6;[1]" and second, IVS "move[d] this Court to order Defendants to narrow their invalidity arguments." ECF No. 238 at 2. The Court will

---

[1] Interrogatory No. 6 read: "State in detail each and every fact upon which you base any denials or affirmative defenses asserted in Your Answer to IVS' Complaint." ECF No. 238, attach. 4 at 3.

consider each of these arguments in turn.

## I. Prior Art References Not Included in Claim Charts

IVS's attack on the Bhagavatula Report is based entirely on the contention that the "Defendants' fail[ed] to provide adequate information during fact discovery." *Id.* at 8 n.2. Although IVS made general allegations that the Defendants did "not fully disclose[]" the prior art relied upon in the Bhagavatula Report, the crux of IVS's argument is that the Defendants failed to identify these prior art references in claim charts during fact discovery. *Id.* at 1, 12-16. Indeed, IVS claimed that "numerous different federal district courts" have barred "first-time identifications of specific reference combinations to advance obviousness theories" when parties "failed to include [those references] in their *invalidity charts.*" *Id.* at 12, 14 (emphasis added). In total, IVS requested that the Court strike nineteen prior art references from the Bhagavatula Report that were not produced in claim charts and preclude any further reliance on them by the Defendants forthwith. *Id.* at 14-16. IVS argued that to allow the Defendants to rely on these prior art references would prejudice IVS. *Id.* at 14. As an example of prejudice, IVS claimed that after Defendant Microsoft Corp. cancelled the deposition of Dr. Alex Pentland, an author of prior art publications disclosed by the Defendants, and did not include prior art publications authored by Dr. Pentland in its claim charts, IVS believed that the "Defendants would not be substantively relying on the new alleged references by Dr. Pentland in their invalidity case." *Id.*

In response, the Defendants claimed that Interrogatory No. 6 requested only the factual bases for each of the Defendants' defenses, and thus, the Defendants' summary disclosure of prior art references, albeit not organized in claim chart fashion, was sufficient. ECF No. 246 at 2-5. The Defendants highlighted the fact that IVS never requested claim charts: "if Plaintiff wanted invalidity claim charts, it simply had to ask for claim charts, as Defendants did in seeking

2

Plaintiff's infringement contentions. Rather, Plaintiff opted to ask only for facts . . . ." *Id.* at 10-11. Additionally, Microsoft stated that after it informed IVS that Dr. Pentland's deposition was cancelled, Microsoft identified additional publications authored by Dr. Pentland in its responsive discovery disclosures. *Id.* at 12. This action, the Defendants argued, should have conveyed to IVS that the Defendants intended to rely on Dr. Pentland's prior art, regardless of the fact that his deposition was cancelled and his prior art publications were not included in claim charts. *Id.*

### A. The Defendants Were Not Required by Order or Local Rules to Provide Claim Charts

As a preliminary matter, it appears that IVS does not dispute that each of the prior art references identified in its Motion were, in fact, disclosed during fact discovery, and rightly so.[2] IVS's contention is entirely based on the form of the Defendants' disclosure of those prior art references; specifically, that they were summarily disclosed in response to Interrogatory No. 6, as opposed to being organized in claim charts. IVS cited numerous cases for the proposition that expert reports may not "include[] first-time identifications of specific reference combinations to advance obviousness theories." ECF No. 238 at 12 (citing cases). However, the cases cited by IVS in support of the proposition that the Defendants should be barred from relying on any prior art references not included in their claim charts are unpersuasive. In some, the parties were required to file claim charts either by local patent rules, *see e.g., Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-00865, 2014 U.S. Dist. LEXIS 116382, at *3, 7 (N.D. Cal. Aug. 20, 2014); *Merck Sharpe & Dohme Corp. v. Sandoz, Inc.*, No. 12-3289, 2014 U.S. Dist. LEXIS 52548, *3-5 (D.N.J. April 16, 2014); *Asus Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099, 2014 U.S. Dist. LEXIS 50728, at *5 (N.D. Cal. Apr. 11, 2014); *Mediatek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341, 2014 U.S. Dist. LEXIS 22442, at *2-3 (N.D.

---

[2] All of the disputed prior art references were disclosed in discovery. *Compare* ECF No. 238 at 15-16, *with id.* attach. 7 at 23, attach. 4 at 5, 7; ECF No. 244, attach. 3 at 18 n.1, 21, 23.

Cal. Feb. 21, 2014), or court order, *see, e.g., ePlus, Inc. v. Lawson Software, Inc.*, No. 3:09cv620, 2010 WL 3219318, at *1-2 (E.D. Va. Aug. 13, 2010) (relying on a scheduling order which required the defendant to file a statement of invalidity defenses); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 U.S. Dist. LEXIS 111917, *4-5 (E.D. Texas May 1, 2008) (same), neither of which occurred in the present case.  Moreover, some cases barred prior art when they were disclosed after discovery was completed, not based on the form of the disclosure during discovery. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005) (barring references to prior art disclosed during an extension of fact discovery, which had been permitted only "to bring closure to open discovery issues, not to open new discovery issues"), *rev'd on other grounds*, 543 F.3d 1306 (Fed. Cir. 2008); *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, No. 03 Civ. 8253, 2005 WL 1812996, at *1 (S.D.N.Y. Aug. 3, 2005) (barring invalidity contentions and prior art references that had not been disclosed in fact discovery).

IVS also argued that the Defendants' "minimal response is [sic] not providing a full and complete answer" to Interrogatory No. 6 "falls short of the type of information required under the Supreme Court's decision in *KSR Int['l] Co. v. Teleflex Inc.*"  ECF No. 250 at 5.  However, IVS's reliance on *KSR Int'l Co. v. Teleflex, Inc.* for this proposition is misplaced.[3]  IVS interpreted *KSR Int'l Co.* to apply to discovery disclosures, when, in fact, the statement cited by IVS applies to a court's analytical review of the parties' proffer.  Indeed, the Supreme Court's holding that "this analysis should be made explicit," refers to what is "necessary for a court to

---

[3] IVS quoted *KSR Int'l. Co. v. Teleflex Inc.* as follows:

> Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effect of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.  To facilitate review, this analysis should be made explicit. *See re Kahn*, 441 F.3d 977, 988 (CA Fed. 2006) ("[R]ejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusions of obviousness.").

ECF No. 250 at 5-6 (quoting 550 U.S. 398, 418 (2007)).

look to . . . in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue," and is explicitly premised on the need to "facilitate review" of the court's decision. *KSR Int'l Co.*, 550 U.S. at 418. To equate the level of disclosure required in discovery with the standard's undergirding a court's review of patent claims misstates *KSR Int'l Co.* Accordingly, none of the cases relied upon by IVS are persuasive for their proffered purpose, and IVS has failed to identify any controlling legal authority which would have compelled the Defendants to disclose the prior art references in claim chart form in response to Interrogatory No. 6.

Moreover, if IVS had required claim charts, IVS should have asked for those claim charts in discovery. IVS cannot now complain of an error attributable to its own drafting of interrogatory requests. IVS claimed that "Microsoft's argument that 'if Plaintiff wanted invalidity charts, it simply had to ask for claim charts,' would mean that whenever parties in the future have discovery disputes, the disputes cannot be resolved by counsel's letter reflecting the resolution inasmuch as the letter cannot be relied upon at a later date." ECF No. 250 at 5. The correspondence between the parties, however, reflects no such "resolution." Rather, after IVS wrote Microsoft in December 2013 that "[b]ased on Microsoft's supplemental responses and claim chart exhibits, IVS's understanding is that Microsoft will only rely on those references included in its 29 claim charts," ECF No. 238, attach. 18, Microsoft responded that "*[a]s drafted, and certainly together with* the claim charts that we served as Exhibits, Microsoft's *response* identifies for you in more than sufficient detail the prior art upon which Microsoft is presently relying," *id.*, attach. 20 (emphasis added). Clearly, Microsoft did not agree with IVS's construction of the defense's reliance on prior art because Microsoft referenced the entirety of its response to Interrogatory No. 6 after receiving IVS's letter. IVS's attempt to unilaterally limit

the Defendants to only those prior art references identified in the claim charts approximately eight months before the close of fact discovery can hardly be considered binding on the Defendants, especially considering that the Defendants made four supplemental responses thereafter. *See* ECF No. 246 at 3-4.

Finally, IVS's only argument, beyond conclusory allegations, as to any prejudice it experienced involved the Defendants' cancellation of Dr. Pentland's deposition. ECF No. 238 at 14. IVS argued that because the Defendants did not provide claim charts for Dr. Pentland's prior art publications and the Defendants canceled Dr. Pentland's deposition, IVS believed the Defendants would not rely on Dr. Pentland's prior art. This argument fails, however, as after the Defendants canceled Dr. Pentland's deposition, the Defendants continued to disclose and identify prior art publications authored by Dr. Pentland. ECF No. 246 at 12. It would be perplexing indeed to hold the Defendants accountable for IVS's one-sided interpretation of singular incidents in discovery which disregard the Defendants' disclosure thereafter, or in the case of counsels' correspondence outlined above, the Defendants' explicit communication.

### B. No Mutual Understanding Regarding Interrogatory No. 6

IVS also argued that, regardless of the plain language of the Interrogatory, the Defendants understood Interrogatory No. 6 to require more than just a list of prior art references, and accordingly, should be barred from relying on any prior art references not included in the claim charts. IVS presented two arguments to prove that the Defendants understood that Interrogatory No. 6 required more than simply a list patents and publications. First, IVS again relied on its December 2013 letter which stated that "[b]ased on Microsoft's supplemental responses and claim chart exhibits, IVS's understanding is that Microsoft will rely on those references included in its 29 claim charts." ECF No. 238, attach. 18. IVS claimed that the

Defendants "ignor[ed]" this statement, and if the Defendants had taken the position they now hold, that Interrogatory No. 6 only requested facts, "the parties would have had an opportunity either to work toward a resolution or to seek a court decision on the issue. . . . Microsoft did not raise any objection or refusal to answer in accordance with IVS's understanding of the interrogatory." ECF No. 250 at 2-3. Second, IVS argued that Microsoft's initial response to Interrogatory No. 6, which provided a disclaimer[4] and a response[5] prior to the list of patents and publications, "makes it clear that Microsoft understood Interrogatory No. 6 to require contentions and some detail beyond a list of references." *Id.* at 3. IVS additionally referenced the Defendants' supplemental responses which included citations to case law and other arguments. *See id.* at 4. In response to these arguments, the Defendants claimed that their "diligent work to identify references and provide claim charts, narratives, and citations to specific references should not be used to punish Defendants," when "the interrogatory merely asked for the factual bases for Defendants' defense." ECF No. 246 at 10.

Preliminarily, Interrogatory No. 6 is not a contention interrogatory.[6] A contention

---

[4] As a preliminary disclaimer to Interrogatory No. 6, Microsoft stated:
> Because there has been no claim construction or expert discovery in this case, and because IVS has not yet provided its contentions with regard to any alleged infringement, on which it bears the burden of proof, Microsoft's response to this Interrogatory is preliminary and subject to further supplementation, addition, or change.

ECF No. 238, attach. 4 at 3.

[5] After the disclaimer outlined *supra* n.4, Microsoft stated:
> Subject to and without waiving its objections, Microsoft contends that at least the following elements of the asserted claims of the Asserted Patent are not found in the Accused Products and/or are not required by the use of Accused Products: (1) "providing entertaining interaction with said plurality of animate or inanimate objects," (2) "entertaining interaction in response to said output signal indicative of recognition," (3) "entertaining interaction in response to said output facial image recognition signal," (4) "providing a facial expression recognition signal indicative of recognition of said expression," and (5) "sound controls are response to said facial expression recognition signal to modify the sounds produced by said toy in relation to said facial expression recognition signal." Microsoft further contends that the claims of the Asserted Patent are invalid, at least in view of one or more of the following references (alone or in combination): . . . .[listing patents and publications]

ECF No. 238, attach. 4 at 3-4.

[6] To the extent that IVS argued that Interrogatory No. 6 was a contention interrogatory, that argument was not fully developed and was apparently limited to one footnote. ECF No. 238 at 11 n.4. Moreover, neither of the cases cited in that footnote are persuasive. The first considered *when* responses to a contention interrogatory were required, not

interrogatory requires that "an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(c) ("Rule 33(c)").  As is apparent from the plain reading of Interrogatory No. 6, it only requested the factual bases for the Defendants' denials and affirmative defenses. *See* ECF No. 238, attach. 4 at 3 ("State in detail each and every fact upon which you base any denials or affirmative defenses asserted in Your Answer to IVS' Complaint").  Strikingly absent from Interrogatory No. 6 is any request for "an *opinion or contention*" as contemplated by Rule 33(c).  Indeed, "the Interrogator[y] do[es] not ask Defendants to explain why or how, as a matter of opinion or otherwise, such prior art establishes the invalidity of Plaintiff's patent, nor do[es] the Interrogator[y] require Defendants to advance legal argument in support of their defense or counterclaim." *Dot Com Entm't Grp., Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 44 (W.D.N.Y. 2006) (determining that an interrogatory requesting the defendants to "[s]tate all facts upon which defendants base their allegation" was not a contention interrogatory").  Accordingly, Interrogatory No. 6 was simply requesting facts, not contentions.

Moreover, even to the extent that Interrogatory No. 6 could be considered a contention interrogatory, there is no dispute that the Defendants did disclose all prior art references identified by IVS in the present Motion.  Apparently, IVS's only quibble with the Defendants' response is that these references were not provided in claim chart form, as IVS does not identify any specific legal argument, opinion, or contention that was not disclosed previously.  IVS

the present question of whether the interrogatory was in fact a contention interrogatory. *LifeNet Health v. LifeCell Corp.*, No. 2:13cv486, 2014 WL 4162113, at *6 (E.D. Va. Aug. 14, 2014) (holding that contention interrogatories must be answered before the close of discovery).  The second case held that in response to an interrogatory request for a "detailed factual basis for each defense," the plaintiff was required to "provide[] a detailed description of the facts." *Elite Fin. Servs., Inc. v. Adams (In re Adams)*, No. 04-11179-W, 2005 Bankr. LEXIS 3551, at *8-9 (D.S.C. Feb. 23, 2005).  The bankruptcy court gave no indication of what a detailed description of the facts entailed, and obviously, as *In re Adams* was not a patent case, did not find that a detailed description necessarily required claim charts.  Indeed, IVS cited no case for the proposition that contention interrogatories necessarily require claim chart responses when not compelled by order or local patent rules.

conclusorily argued that the Defendants "add[ed] new contentions after fact discovery ha[d] closed," but IVS does not identify what contentions were not disclosed previously, beyond its citation to prior art references not included in claim charts. ECF No. 250 at 4-5; *see* ECF No. 238 at 8-9. At no point in IVS's Motion, Memorandum in Support, or Reply does IVS identify the substance of the opinions or contentions allegedly proffered for the first time in the Bhagavatula Report.[7] "[J]udges are not mind readers," and they cannot "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). If IVS wished to argue that the Bhagavatula Report presented new opinions or contentions not previously disclosed in response to Interrogatory No. 6, IVS needed to identify those opinions and contentions beyond conclusory assertions. Although *pro se* parties are afforded liberal construction of their pleadings, represented parties are not. *Backus v. City of Parkersburg*, 980 F. Supp. 2d 741, 745 (S.D.W. Va. 2013). Accordingly, to the extent that IVS argued that the Defendants failed to disclose opinions and contentions beyond the identified prior art references, the Court declines to delve into the mass of discovery responses and the expert report to determine which sections of the Bhagavatula Report might rely on the allegedly undisclosed opinions and contentions. IVS's failure to squarely identify those opinions and contentions is ultimately fatal to any argument that the Defendants did not properly disclose certain opinions and contentions previously.

## II. Limiting Invalidity Arguments for Summary Judgment and Trial

Although Motions to Strike Expert Reports are generally non-dispositive matters which magistrate judges may dispose of, in this case, IVS requested more than what would typically be

[7] In the proposed order attached with IVS's Motion, ECF No. 237, attach. 1, IVS included a section striking certain portions of the Bhagavatula Report. It is unclear, however, whether these sections are to be struck for their reliance on prior art references not previously identified in claim charts, or for relying on new opinions and contentions not previously disclosed in response to Interrogatory No. 6. At no point does IVS list these sections in its Motion, Memorandum in Support, or Reply.

9

considered within the scope of a Motion to Strike. IVS argued "as a separate matter" that the Court should order the Defendants to limit their invalidity arguments and prior art references "to no more than a total of five invalidity arguments and prior art references." ECF No. 238 at 1, 18. Such an action may be considered "dispositive of a party's claim or defense," as necessarily forcing the Defendants to reject some defenses and prior art references relied upon to this point in the litigation. Fed. R. Civ. P. 72(a).

Magistrate judges may consider both non-dispositive and dispositive pretrial matters, contingent on a district judge's differing standards of review. Non-dispositive matters are reviewed by the district judge under a clearly erroneous or contrary to law standard of review; while dispositive matters, for which a magistrate judge must issue proposed finds of fact and conclusions of law, are reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)-(b). These standards of review evince the constitutional weight attributed to the scope of a magistrate judge's authority as the Constitution of the United States "requires that Article III judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters." *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D.W. Va. 2004). Federal Rule of Civil Procedure 72, like 28 U.S.C. § 636(b), categorizes the scope of a magistrate judge's authority into non-dispositive and dispositive matters. *See* Fed. R. Civ. P. 72. Although 28 U.S.C. § 636 lists eight specific dispositive motions, courts routinely "reach commonsense decisions rather than becoming mired in a game of labels" when determining whether a matter is dispositive or non-dispositive. *Segal*, 303 F. Supp. 2d at 794 (quoting 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 3068.2 (2d ed. 1997)). A district judge ultimately determines the categorization of a matter as dispositive or non-dispositive by the standard of review applied

to the magistrate judge's decision, notwithstanding whether the magistrate judge handled the matter entirely or only recommended findings of fact and conclusions of law. *See e.g., Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 410062, at *3 (N.D. Tex. Jan. 30, 2015) ("The district court, however, is not required to apply the more stringent review merely because the magistrate judge has issued a recommendation."); *Asterbadi v. Leitess*, No. 1:04CV286(JCC), 2005 WL 2009276, at *3 (E.D. Va. 2005) (reviewing a magistrate judge's report and recommendation under a clearly erroneous standard); *Segal*, 303 F. Supp. 2d. at 794-95 (same). Proceeding with caution, then, as the action of limiting invalidity arguments has not yet been categorized as a dispositive or non-dispositive matter within this Circuit, the undersigned issues the following as a recommendation.

IVS argued that "[t]he Defendants' invalidity arguments are numerous and go beyond the bounds of what could reasonably be presented at trial or in a summary judgment motion," and accordingly, requested that the Court limit the number of invalidity arguments and prior art references to be relied upon by the Defendants. ECF No. 238 at 16. Although "the Court . . . has the authority to limit the number of invalidity arguments and prior art references that defendants may assert," *Certusview Techns., LLC v. S & N Locating Servs., LLC*, No. 2:13cv346, 2014 WL 4930803, at *6 (E.D. Va. Sept. 30, 2014), IVS's argument is belied by developments in the case. IVS contended that limiting the Defendants' invalidity arguments is necessary to "mak[e] the case more manageable as the parties approach expert depositions, summary judgment motions, and trial." ECF No. 238 at 17. However since IVS's Motion was filed, the parties have necessarily streamlined their arguments as expert depositions have been finished, *see* ECF No. 246 at 5, and summary judgment briefing has been completed, *see* ECF Nos. 255, 260. Indeed, apparently the Defendants were capable of narrowing their invalidity arguments and prior art

11

references for summary judgment briefing, which, contrary to IVS's argument, is evidence of their good faith intention to continue to streamline the case before trial.[8] Thus, IVS's contention that the Defendants' invalidity arguments and prior art references would bar "meaningful dispositive motions practice," ECF No. 250 at 7, is fatally undermined by the streamlining that has already occurred. Accordingly, in reliance on the Defendants' representation that they will continue to streamline the case before trial, ECF No. 246 at 8, as demonstrated in the completed summary judgment briefing, the Court should deny without prejudice IVS's Motion to the extent that it requested that the Court limit the Defendants' invalidity arguments and prior art references.

In conclusion, IVS's Motion is **DENIED** with respect to IVS's request that the Court strike portions of the Bhagavatula Report. Regarding IVS's request that the Court limit the Defendants' invalidity arguments and prior art references, the undersigned **RECOMMENDS** that the Court **DENY WITHOUT PREJUDICE** this request.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 25, 2015

---

[8] This is contrary to IVS's contention that "[t]he case has not been streamlined by Microsoft." ECF No. 250 at 6.