**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)**

| | | |
|---|---|---|
| INTELLIGENT VERIFICATION SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:12-cv-525-AWA-LRL |
| MICROSOFT CORPORATION, and MAJESCO ENTERTAINMENT CO., | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF INTELLIGENT VERIFICATION SYSTEMS, LLC'S
BRIEF IN SUPPORT OF ITS MOTION IN LIMINE (OMNIBUS MOTION)**

Plaintiff, Intelligent Verification Systems, LLC ("IVS"), by counsel, hereby brings this Motion in Limine (Omnibus Motion) to address its *in limine* requests for exclusions or limitations brought with Defendants' consent, with Defendants' partial or conditional consent, or that do not require extensive briefing.  These *in limine* requests and the support therefor are set forth below.

**A.      IN LIMINE *REQUESTS WITH CONSENT***

**1.      Exclusion of Evidence and Testimony Regarding KCI Lawsuit
(*With Consent*)**

IVS seeks, and Defendants have consented to, an Order excluding any evidence or mention of a legal dispute between, on the one hand, Kinetic Concepts, Inc. ("KCI") and/or any of its affiliates, and on the other hand, inventors David Tumey, Tianning Xu, and any other IVS-related person.  Any such evidence is irrelevant and of no probative value while the prejudicial effect is likely substantial.  *See* Fed. R. Evid. 401-403.

2.        **All Experts Limited to Their Reports and Deposition Testimony**
                        (_With Consent_)

The parties have agreed to, and IVS therefore requests, an Order limiting testifying

experts for all parties to the disclosures in their reports and their deposition testimony.  *Cf.* Fed.

R. Civ. P. 26(b)(2)(D), (e)(2).

3.        **No Testimony or Argument in Conflict With the Court's Markman Order**
                        (_With Consent_)

The parties have agreed to, and IVS therefore requests, an Order prohibiting testimony or

argument that conflicts with this Court's Markman ruling.  *See* D.I. Nos. 127, 385.

4.        **Exclusion of Defenses of Waiver, Acquiescence, Laches, Equitable Estoppel,
          Unclean Hands, and Mitigation of Damages (_With Consent_)**

Defendants have consented to an Order excluding evidence or argument relating to these

undeveloped (albeit pled) defenses.  IVS therefore requests such an Order.

**B**.      **IN LIMINE _REQUESTS WITH CONDITIONAL CONSENT_**

5.        **Exclusion of Use of Terms "Patent Troll" or "Non-Practicing Entity"
          ("NPE") to Describe IVS and Exclusion of Any Argument or Mention of
          Need for Patent Reform** *(With Conditional Mutual Consent)*

IVS requests an Order precluding Defendants from using derogatory terms such as

"patent troll" or "non-practicing entity" and precluding any argument about or mention of the

need for patent reform.  *See* Fed. R. Evid. 401-403; *see also*, *e.g.*, *Intellectual Ventures I LLC v.*

*Symantec Corp.*, 2015 U.S. Dist. LEXIS 2841, 3 (D. Del. Jan. 6, 2015) (granting motion *in*

*limine* "to the extent that Defendant …may not disparage (e.g., refer to [the plaintiff] as a 'patent

troll' or reference purported 'woodshedding'), as such disparagement is irrelevant").  Defendants

consent to this request subject to IVS agreeing that Defendants may refer to the fact that Plaintiff

2

does not practice the invention and has not commercialized it, and has no revenues from the

patent.  IVS so agrees.

   **6.**    **Exclusion of Any Reference or Intimation That IVS's Attorneys May Have a**
          **Contingency Fee Arrangement (*With Conditional Mutual Consent*)**

IVS requests an order precluding any argument, reference or suggestion that IVS and its

attorneys may have a contingency fee arrangement in this case.  *See* Fed. R. Evid. 401-403.

Defendants agree to this limitation subject to IVS agreeing not to refer to itself as a small

company with limited resources to litigate against large company.  IVS so agrees.

**C.**     **IN LIMINE *REQUESTS WITHOUT CONSENT***

   **7.**    **Exclusion of Any Argument or Evidence Regarding an Opinion of Counsel**
          **(*Condition Proposed by Defendants Not Agreed to by IVS*)**

IVs seeks preclusion of any argument or evidence that Defendants relied on an opinion of

counsel.  Defendants have sought to condition this request on IVS's agreement not to argue that

they should have sought an opinion of counsel.  IVS does not so agree, but maintains that an

Order granting its *in limine* request nevertheless is proper.  Neither Defendant has ever identified

or produced any opinion of counsel upon which it may rely in this case.  In addition, Defendant

Microsoft by letter dated July 17, 2014 confirmed that Microsoft would not be relying on an

opinion of counsel in this case.  Accordingly, IVS requests exclusion of any evidence or

argument by Defendants regarding an opinion of counsel.  *Cf.* Fed. R. Civ. P. 26(e).

   **8.**    **Exclusion of Defenses of Unpatentability Under 35 U.S.C. § 101, Limitation**
          **on Damages, and Prosecution History Estoppel (With Partial Consent)[1]**

IVS' Interrogatory No. 6 asks Defendants, respectively, to "[s]tate in detail each and

every fact upon which you base any denials or affirmative defenses asserted in your Answer to

---

[1]   Shortly before the filing of this Motion, Microsoft consented to IVS' request for consent to
exclusion of the limitation on damages defense.  Majesco has not responded.

IVS' Complaint." *See* **Exhibits 1, 2**.  Microsoft did not provide any facts in response to Interrogatory 6 to support its pled defense of unpatentability under 35 U.S.C. § 101, limitations on damages under 35 U.S.C. §§ 286 and 287, or prosecution history estoppel.  *See* Microsoft 9th Suppl. Resp. to Interrog. No. 6.  *See* Ex. 1.  Therefore, Microsoft should be precluded from asserting these defenses at trial.  *See* Fed. R. Civ. P. 37(c); *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014) ("The Rule 37(c) advisory committee notes emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosur*e* of material that the disclosing party would expect to use as evidence.'") (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 592 n.2 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c) advisory committee note, 1993 Amendment)).  Merely pleading defenses in barebones fashion, as Defendants have done, is not sufficient.  *See Sales v. Grant*, 224 F.3d 293, 296(4th Cir. 2000)*; Babb v. Lee County Landfill SC, LLC*, 298 F.R.D. 318, 324 (D.S.C. 2014) (citing *Sales*); *accord*, *Daiichi Pharm. Co. v. Apotex, Inc.,* 2005 U.S. Dist. LEXIS 26059, 14-16 (D.N.J. Nov. 1, 2005) (granting a motion *in limine* on affirmative defenses that were pled but never fleshed out in response to interrogatories based on waiver, noting that "[i]f there is good cause for not raising an affirmative defense in the answer, 'it must be raised as early as practicable thereafter.'") (citing and quoting *Long v. Wilson*, 393 F.3d 390, 397 (3d Cir. 2004).  Majesco likewise did not provide any facts in response to Interrogatory 6 to support its pled defenses of unpatentability under 35 U.S.C. § 101, limitations on damages under 35 U.S.C. §§ 286 and 287, or prosecution history estoppel.  *See* Ex. 2.  Therefore, Majesco also should be precluded from relying on these defenses at trial.

With respect to Majesco's defense of limitations on damages, its response to Interrogatory 6 states:  "on information and belief, IVS, or one or more of IVS' licensees, failed to mark any of its products with the number of the Asserted Patent, such marking being provided for

pursuant to 35 U.S.C § 287(a).  Accordingly, IVS is barred from recovering any damages prior to Majesco's receipt of actual notice of the Asserted Patent."  Ex. 2.  This is insufficient as a matter of law.  While 35 U.S.C. § 287 prevents damages from being collected by patentees who fail to mark their products, it does not apply to patentees like IVS who do not make, sell, or license sales of products.  *See Loral Fairchild Corp. v. Victor Co. of Japan*, 906 F. Supp. 813, 816, 1995 U.S. Dist. LEXIS 20948, 7-8 (E.D.N.Y. 1995) (citing *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co*., 297 U.S. 387, 388, 397 (1936)).  IVS is entitled to damages from the date of first infringement, *Wine Ry. Appliance Co.*, 297 U.S. at 398, and IVS did not have a duty to inform Majesco that it was infringing.  IVS is not aware of any legal authority that allows an infringer to assert a limitation of damages defense solely based on a lack of notice that the defendant was committing the tort of infringement by a plaintiff that does not make, sell or license sales of patented products.

Thus, Defendants have failed to identify facts during discovery to support the defenses of unpatentability under 35 U.S.C. § 101, prosecution history estoppel, or limitations on damages under 35 U.S.C. §§ 286 and 287, while IVS sought such facts during discovery.  Limited to their interrogatory responses, Defendants will not be able to present a *prima facie* case of unpatentability under 35 U.S.C. § 101, limitation of damages under 35 U.S.C. §§ 286 and 287, or prosecution history estoppel, and they therefore should be precluded from asserting those defenses at trial.  *See* Fed. R. Civ. P. 37(c); Fed. R. Civ. P. 26(e); Fed. R. Evid. 403.

### 9.   Exclusion of Argument, Evidence, Or Reference to Defendants' "Corporate Citizenship," Charitable Acts, and Similar Matters

Defendants apparently intend to use, or may use, materials touting Microsoft's contributions to public communities.  Specifically, Defendants have listed at least DTX 293 and 294 as potential trial exhibits regarding such matters.  DTX 293 is a Microsoft corporate

citizenship web page touting the assistance Microsoft provides U.S. veterans, with no mention of the accused products or technology of the instant case.[2]   DTX 294 is a Microsoft news release web page touting a partnership between the Commonwealth of Virginia and Microsoft to train high school students, with no mention of the accused products or technology of the instant case.[3] Such exhibits, and any similar materials and any related testimony or argument, should be excluded under Fed. R. Evid. 401-403.  They lack relevance, much less any probative value, and their primary effect is likely to be to cultivate favor and sympathy with the jury pool, particularly in Norfolk, a Navy town.  The prejudicial effect of admitting such evidence substantially outweighs its null probative value.

### 10.    Defendants Should Be Precluded From Using The Existence Of Their Own Patents As Any Form Of Non-Infringement Defense

Defendants have included on their witness lists numerous patents issuing after IVS's patent-in-suit that appear to relate to skeletal tracking and face recognition as used in the Accused Products.  However, "[t]he existence of one's own patent does not constitute a defense to infringement of someone else's patent.  It is elementary that a patent grants only the right to exclude others and confers no right on its holder to make, use, or sell." *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) (quoting *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991)).  IVS therefore moves for an Order precluding Defendants from attempting to rely on its own patents to support any defense theory of non-infringement, and requiring Microsoft to make a proffer before attempting to introduce any these patents at trial so that IVS can have sufficient notice of the purpose of the sought admission to object or at least request a limiting instruction, as may be

---

[2] http://www.microsoft.com/about/corporatecitizenship/en-us/community-tools/job-skills/veterans/

[3] http://www.microsoft.com/en-us/news/press/2011/sep11/09-14virginiapr.aspx

appropriate.  *See* Fed. R. Evid. 401-403; *Genentech*, *supra*, 80 F.3d at 1559; *see also Abbott*

*Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1328-1330 (N.D. Ala. 2012) (limiting

use of a defendant's patents at trial); *Advanced Tech. Incubator, Inc. v. Sharp Corp.,* 2010 U.S.

Dist. LEXIS 145630, at *8 (E.D. Tex. Mar. 31, 2010) (allowing a defendant's own patents to

support invalidity and non-wilfulness defenses but not non-infringement defense); *Cordis Corp.*

*v. Medtronic Vascular, Inc.*, 2005 U.S. Dist. LEXIS 6583, at *11 (D. Del. Feb. 28, 2005)

(granting motion *in limine* to exclude the defendants' patents unless the plaintiff accuses a

defendant of copying, in which case they may be relevant to a validity analysis); *Advanced*

*Respiratory, Inc. v. Electromed, Inc.*, 2003 U.S. Dist. LEXIS 27583, at *2-4 (D. Minn. June 27,

2003) ("any reference to [the defendant's] . . . patent shall be presumptively inadmissible"); EZ

*Dock, Inc. v. Schafer Sys.*, 2003 U.S. Dist. LEXIS 3634, at *32-33 (D. Minn. Mar. 8, 2003)

(granting motion *in limine* pursuant to FRE 402 and 403).

## 11.     Exclusion of Evidence Relating to Kinect for Windows or Any Other Non-Accused Products.

Defendants apparently intend to use, or may use, certain exhibits relating to Microsoft's

"Kinect for Windows."[4]  Specifically, Defendants have listed at least DTX 307, 309, 310, 312,

609, and 833 as such potential exhibits.   DTX 307 (MS_IVS11525341) is a video depicting

Kinect for Windows using in conjunction with sign language; DTX 309 (MS_IVS11525343) is a

video depicting Kinect for Windows in the "Nissan Pathfinder Kinect Experience;" DTX 310

(MS_IVS11525344) is a Kinect for Windows video demonstrating health uses for Kinect; DTX

312 (MS_IVS11525346) is a Kinect for Windows video demonstrating how to use Kinect for

Windows with one's hands.  None of these videos are related to, or depict, the accused product in

---

[4]  These exhibits, which include videos, are available for the Court's review upon request.

the instant action, the Xbox systems.  In addition, DTX 833 (MS_IVS 08403415)[5] is a 2014 Windows-related email with no relevance to the accused products in the instant case; DTX 609 (MS_IVS03703135)[6] is a presentation exclusively devoted to Kinect for Windows.

Kinect for the accused Xbox systems is, and is sold as, a different product than the non-accused Kinect for Windows.  *See* Exhibit 5.  Defendants should be precluded from introducing Windows-related materials under Fed. R. Evid. 401-403.

First, these proposed exhibits (and any other similar exhibits) should be excluded because they are not relevant.  "Evidence is relevant if …it has any tendency to make a fact more or less probable than it would be without the evidence…and…the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Even under this permissive standard, these materials do not qualify.  They have no bearing on IVS' infringement case, Defendants' defenses, or on any other matter "of consequence."  Therefore, references to Microsoft's Windows products and related evidence should be excluded. See Fed. R. of Evid. 402 ("Evidence which is not relevant is not admissible.").

Second, Windows-related evidence such as that described above and related testimony should be excluded under Fed. R. Evid. 403, because it would be unduly confusing to the jury and waste time.  Rule 403 supports the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of …unfair prejudice, confusion of the issues, misleading the jury, undue delay, [or] wasting time…."  Fed. R. Evid. 403.  Attempting to comprehend and follow the technology described in the patent-in-suit and the functioning of the accused products likely will challenge at least some jurors.  There is no reason to further add to the complexity of this case with technology in non-accused products, which has no probative value.  Trying to

---

[5] Exhibit 3
[6] Exhibit 4

8

understand and distinguish between the technical subtleties of, for instance, the Windows Product and the Xbox 360 would be confusing to a jury and waste time.

Additionally, testimony or evidence relating to Windows or other non-accused products should be excluded because it has a tendency to mislead the jury.   See Fed. R. Evid. 403; cf. *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) ("…proffered evidence that has a greater potential to mislead than enlighten should be excluded"). The focus of the jurors' infringement analysis should properly be on the accused products, not unrelated products.  An unrelated and non-accused Windows-based implementation of facial recognition could easily mislead a jury charged with analysis of facial recognition in a completely different product, the Xbox systems, to analyze technology related to the Windows product.

Finally, the non-accused products evidence and any related testimony or argument should be excluded as unduly prejudicial.  See Fed. R. Evid. 403.   There has been no analysis by either party, or its experts, as to whether Kinect for Windows may infringe the patent-in-suit. Furthermore, Kinect for Windows has played no role in the parties' positions on the issues in this case or during discovery.  However, it is conceivable that Defendants at trial intend to argue (for the first time in this case) non-entertainment applications of the irrelevant Kinect for Windows to suggest non-infringement or perhaps even indefiniteness.  That would be unduly prejudicial to IVS.

In sum, evidence about Kinect for Windows and other non-accused products is irrelevant and has a substantial prejudicial effect, tendency to confuse, tendency to mislead, and tendency to waste time, which all substantially outweigh their probative value.

**12.     Preclusion of Testimony About the Functioning of Accused Source Code by Witnesses on Microsoft's Witness List, and Preclusion of Expert Testimony by Defendants' Lay Witnesses**

IVS requests an Order precluding any opinion testimony of any witnesses on Microsoft's witness list regarding the functioning of source code on the accused Xbox systems, because such testimony is inherently expert opinion.  IVS also seeks preclusion of expert opinion testimony by lay witnesses on Microsoft's witness list.

First, with respect to Defendants' expert witness, Dr. Bhagavatula, IVS has previously filed a *Daubert* motion based, *inter alia*, on Dr. Bhagavatula's lack of familiarity with the source code and lack of qualifications to analyze it.  *See* D.I. 308, 309.   IVS incorporates the arguments made therein as if set forth here, and reiterates its request to exclude any testimony by Dr. Bhagavatula regarding the functioning of source code.

Second, any other witnesses on Defendants' witness lists also should be precluded from testifying about the functioning of source code.  None of them was disclosed as testifying expert witnesses in this case.  *See* Fed. R. Civ. P. 26(a)(2), 37(c); Fed. R. Evid 702.  The functioning of the source code is undoubtedly in the expert realm here.  *See Centricut, LLC, v. Esab Group, Inc.*, 390 F. 3d 1361, 1369 (Fed. Cir. 2004) ("expert testimony may be… important in patent cases involving complex technology," and "typically…will be necessary") (internal quotes and citations omitted).  Defendants implicitly have acknowledged that the functioning of the source code is the subject of expert testimony, as the only evidence Defendants have proffered on the subject is Dr. Bhagavatula's echoing of opinions held by Robert Dezmelyk, a non-testifying expert.  *See* D.I. 309.  Therefore, the lay witnesses on Defendants' witness lists may not testify with technical opinions about the functioning of the source code because such testimony would be "based on scientific, technical, or specialized knowledge within the scope of Rule 702."  Fed.

10

R. Evid. 701.  "Rule 701 forbids the admission of expert testimony dressed in lay witness

clothing." *United States ex rel. Davis v. U.S. Training Ctr., Inc.*, 498 Fed. Appx. 308, 319 (4th

Cir. 2012) (quoting *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006)).

      Finally, as a general matter Defendants should be precluded from offering expert opinion

testimony by lay witnesses.  *See id.*; Fed. R. Evid. 701, 702; Fed. R. Civ. P. 26(a)(2), 37(c).

Defendants did not consent to a stipulation on this point, so IVS formally requests an Order

precluding Defendants' lay witnesses from offering expert testimony.

### 13.    Exclusion of Evidence or Argument Relating to Indefiniteness

      On November 20, 2013, the Court conducted a Markman hearing.  On January 21, 2014,

after considering each side's arguments, the Court issued an order construing disputed terms.

Among other terms, the Court construed "entertainment device" and "entertaining interaction,"

rejecting Defendants' indefiniteness arguments.  *See* D.I. 127.   Defendants moved for

reconsideration solely on the the claim construction of the term "entertaining interaction,"  again

arguing indefiniteness.  *See* D.I. 176.  On February 25, 2015, the Court issued an order denying

Defendants' motion for reconsideration.  Thus, the Court has already (twice) determined that the

terms "entertaining interaction" and "entertainment device" are definite.

      After the Court's claim construction order, Defendants, through their expert Dr.

Bhagavatula, have continue to contend that the terms "entertaining interaction" and

"entertainment device" are indefinite.  Since these opinions are inconsistent with the Court's

Markman Order, IVS requests an Order preventing such opinion and testimony.  The issue of

indefiniteness is already preserved for appeal given both the Markman briefings and hearing and

Defendants' Motion for Reconsideration.  *O2 Micro Int'l v. Beyond Innovation Tech. Co*., 521

D.3d 1351, 1359 (Fed. Cir. 2008) (citations omitted).  Additionally, the parties have agreed not

to contradict the Court's claim construction at trial.  *See In Limine* Request No. III, *supra.*

Therefore, the Court's claim construction orders, including its finding of no indefiniteness, stand

as the official claim constructions in this case.

      The United States Supreme Court and the Federal Circuit have repeatedly held that claim

construction is an issue for the court, not a jury. *See Markman*, 517 U.S. 370, 372 (1996); *Cybor*

*Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc).  The Federal Circuit

applied this holding to indefiniteness issues.  *See Cybor Corp.*, 138 F.3d at 1454; *see also*

*EnzoBiochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed.Cir. 2010) ("If a claim is

indefinite, the claim, by definition, cannot be construed"); *Atmel Corp. v. Information Storage*

*Devices,* 198 F.3d 1374, 1379 (Fed Cir. 1999) (recognizing that indefiniteness is inextricably

intertwined with claim construction).  Throughout this case, Defendants have not identified any

factual issues upon which their indefiniteness arguments or Dr. Bhagavatula's opinions are

based.  As such, there are no factual issues for a jury to decide.[7]  The issue of definiteness

should be excluded at trial.

### 14.    Exclusion of Mischaracterizations of IVS's Infringement Theories

      IVS moves for an Order precluding Defendants from characterizing IVS's infringement

case as something it is not.  Here, IVS accuses Majesco of directly infringing the '073 patent (1)

through its use of the accused products during testing[8] and (2) due to acting as Microsoft's

---

[7] Although some courts have indicated that definiteness may be resolved by the jury where the issues are factual in nature, they nevertheless have held that "factual questions purportedly raised by extrinsic evidence presented to the court do not preclude a determination of indefiniteness by [the] court as a matter of law." *See Sandivik Intellectual Prop. AB v. Kennametal, Inc.*, No. 2:10-CV-00654, 2012 U.S. Dist. LEXIS 102733 (W.D. Pa. Feb. 16, 2012) (multiple citations omitted).

[8] *See Centillion Data Sys., LLC v. Qwest Communs., Int'l.*, 631 F.3d 1279 (Fed. Cir. 2011); *Roche Prods. v. Bolar Pharmaceutical Co.*, 733 F.2d 858, 863 (Fed. Cir. 1984); *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20 (Fed. Cir. 1984).

partner and/or agent in their joint enterprise.[9]  See D.I. 264 at ¶¶ C and D; D.I. 257 Ex. D at ¶¶

147, 150, 160, 163; D.I. 264-18 Ex. 2 at ¶ 12.[10]  Although IVS has only accused Majesco of

direct infringement using these two direct infringement theories, Defendants have focused on the

fact that Majesco accused products do not directly infringe the claims of the '073 patent because

they "are video games that are sold as either downloadable software or software stored on an

---

[9] *See Golden Hour Data Systems, Inc. v. emsCharts, Inc.*, 614 F.3d 1367 (Fed. Cir. 2010);
*Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech*, 709 F.3d 1348, 1363 (Fed. Cir. 2013).

[10] Direct infringement is defined by statute.  "Whoever without authority makes, <u>uses</u>, offers to
sell, or sells any patented invention, within the United States or imports into the United States
any patented invention during the term of the patent therfor, infringes the patent."  35 U.S.C.
§271(a) (emphasis added).  To directly infringe a claim, each claim limitation must be present in
the accused product, literally or equivalently.  *See Dawn Equip. Co. v. Kentucky Farms, Inc.*, 140
F.3d 1009, 1014 (Fed. Cir. 1998).  Infringement may be shown by evidence not only of specific
instances of direct infringement through actual operation, but also where the claim language only
requires the capacity to perform a particular claim element.  *Intel Corp. v. U.S. Int'l Trade
Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991) (holding that the claim term "programmable
selection means" only required that the infringing product be capable of infringing).  Where the
claim is drawn to the mere capability to perform an element (and not actual operation), an
accused device "need only be capable of operating" in the described mode.  *Finjan, Inc. v.
Secure Computing Corp.,* 626 F.3d 1197, 1204 (Fed. Cir. 2010) (quoting *Intel*, *supra*).  In such
circumstances, although a user may need to activate functions programmed into a piece of
software by selecting options (for example, by playing a Kinect game), the user does not need to
alter the code and is only activating means already present in the underlying software.  *See
Fantasy Sports Props. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1117-1119 (Fed. Cir. 2002).

Furthermore, vicarious liability concepts apply to patent litigations.  The requirement of direct
infringement may be satisfied even though some of the steps are undertaken by another party if a
single defendant "exercises 'control or direction' over the entire process such that every step is
attributable to the controlling party."  *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329-
30 (Fed. Cir. 2008).  This "control or direction standard is satisfied in situations where the law
would traditionally hold the accused direct infringer vicariously liable for the acts committed by
another party that are required to complete performance of a claimed method."  *Id.* at 1330.
Thus liability is imposed where another person acts as an agent, when one party is contractually
obligated to the other to perform a required element of the claimed product, or some equivalent.
See id. This liability applies equally to apparatus claims.  *See Golden Hour Data Systems, Inc. v.
emsCharts, Inc.,* 614 F.3d 1367, 1381 (Fed. Cir. 2010); *Geotag, Inc. v. Frontier Comm. Corp.,*
No. 2:10cv00265, 2014 US District LEXIS 11679, at *23-24 (E.D. Texas Jan. 29, 2014);
*Datatreasury Corp. v. Wells Fargo & Co.*, 758 F.Supp. 2d 382, 387 (E.D. Tex. 2010).

Xbox 360 or Xbox One readable disc, and therefore do not include any hardware." See D.I. 288-4 at ¶ 105.  However, these arguments about non-infringement based on the fact that Majesco products do not include all the physical components of the asserted claims are irrelevant, confuse the issue and are misleading regarding IVS'direct infringement theories.  *See* Fed. R. Evid. 401-403.  IVS has not accused Majesco of making or selling all the accused physical components that together infringe the claims of the '073 patent, and therefore any opinions, testimony, or evidence suggesting non-infringement based on the lack of evidence of such sales by Majesco should be excluded.

**15.    Exclusion of Improper Non-Infringement Theories and Arguments Based on Face Recognition Not Being "Required" or Necessary and Based on Limited Time Periods of Non-Infringement**

Defendants' expert, Dr. Bhagavatula, has opined, "It is my opinion that the Accused Systems do not infringe any of the claims asserted by IVS, for at least the following reasons:  a. Facial recognition is not required for skeletal tracking…."  Bhagavatula Rebuttal Rpt. [D.I. 288-4], ¶ 50; *see also id* at. ¶¶ 59-61, 64, 66, 109.  Defendants also submitted a Declaration by Tommer Leyvand, a Microsoft employee, who states that "face recognition absolutely is not essential to skeletal tracking."  Leyvand Decl. [D.I. 338-2], ¶ 9.  Dr. Bhagavatula also has stated that a non-testifying expert, Robert Dezmelyk, ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████  Bhagavatula Rebuttal Rpt. [D.I. 288-4], ¶¶ 64, 65.  Dr. Bhagavatula and Mr. Leyvand are "will call" witnesses on Microsoft's witness list.

Allowing Dr, Bhagavatula's opinions above, or Mr. Leyvand's testimony regarding the lack of "necessity" of facial recognition for skeletal tracking, to be admitted as evidence of non-infringement would violate the tenets of patent law.  "[A]n accused product that sometimes, but not always, embodies a claimed method nonetheless infringes."  *Bell Communications Research v. Vitalink Communications Corp.,* 55 F.3d 615, 622-623 (Fed. Cir. 1995) (multiple internal citations omitted).  As the Federal Circuit has explained:

> It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device.  For example, a pencil structurally infringing a patent claim would not become noninfringing when incorporated into a complex machine that limits or controls what the pencil can write.   Neither would infringement be negated simply because the patentee failed to contemplate use of the pencil in that environment.

*A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 703 (Fed. Cir. 1983) (citation omitted).

Furthermore, "[m]aking improvements on a patented invention by adding features to a claimed device beyond those recited in the patent does not avoid infringement."  *Lighting World, Inc. v. Birchwood Lighting, Inc.,* 382 F.3d 1354, 1365 (Fed. Cir. 2004) (multiple internal citations omitted).

The asserted claims of the patent-in-suit are "comprising" claims.  *See* ('073 Patent), [D.I 1-1].  Thus, they are "presumptively open-ended," and "[t]he addition of elements not recited in the claim cannot defeat infringement."  *Gillette Co. v. Energizer Holdings, Inc.* , 405 F.3d 1367, 1371-1372 (Fed. Cir. 2005) (multiple internal citations omitted); *see also*, *e.g.*, *Amgen Inc. v. Hoechst Marion Roussel*, 314 F.3d 1313, 1344-1345 (Fed. Cir. 2003) ("Thus, a claim reciting 'a widget comprising A and B,' for example, would be infringed by any widget containing A and B, no matter that C, D, or E might be present."); *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997) ("'Comprising' is a term of art used in claim language

which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.") (citation omitted).

Thus, whether facial recognition is "required" or "necessary" for skeletal tracking is not relevant to an infringement analysis here.  If the Accused Products implement facial recognition in an infringing manner at all, it does not matter for infringement purposes whether skeletal tracking "requires" facial recognition (as Dr. Bhagavatula and Mr. Leyvand deny) or whether the

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████ (as Dr. Bhagavatula suggests when he repeats Mr. Dezmelyk's opinion).  Defendants should be precluded from arguing non-infringement by relying on any non-infringing or non-accused aspects of the Accused Products.

For the foregoing reasons, the Court should preclude any testimony, evidence, or argument indicating or suggesting non-infringement by virtue of facial recognition not being "required" or "essential" for skeletal tracking to occur; any testimony, evidence, or argument indicating or suggesting non-infringement based skeletal tracking data structures being generated before they merge with facial recognition data structure merges with the skeletal tracking data; and any similar type of non-infringement argument based on non-accused aspects of the Accused Products.

## III.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully move for an Order granting its *in* limine requests above, and for such other relief as the Court deem just and proper.

DATED:  March 4, 2015                          Respectfully submitted,


                                               /s/ Quentin R. Corrie
                                               Quentin R. ("Rick") Corrie, VSB #14140
                                               Michael K. Mutter, VSB#21172
                                               Robert J. Kenney, VSB#27668
                                               John D.V. Ferman, VSB# 70980
                                               Lynde V. Herzbach (*pro hac vice*)
                                               Stephanie D. Grosvenor, VSB#79612
                                               BIRCH, STEWART, KOLASCH & BIRCH, LLP
                                               8110 Gatehouse Road, Suite 100 East
                                               P.O. Box 747
                                               Falls Church, VA 22040-0747
                                               (703) 205-8000
                                               (703) 205-8050 (facsimile)
                                               mkm@bskb.com
                                               qrc@bskb.com
                                               rjk@bskb.com
                                               jferman@bskb.com
                                               Lynde.Herzbach@bskb.com
                                               Stephanie.D.Grosvenor@bskb.com

                                               *ATTORNEYS FOR PLAINTIFF*
                                               *INTELLIGENT VERIFICATION SYSTEMS, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4t[h] day of March 2015, a true and correct copy of the above

document was filed via the Court's ECF system, which will send a notification of such filing

(NEF) to the following to the counsel listed below:

> William R. Poynter
> John B. Swingle
> KALEO LEGAL
> 4456 Corporation Lane, S345
> Virginia Beach, VA 23462
> Telephone: (757) 238-6383
> Facsimile: (757) 304-6175
> wpoynter@kaleolegal.com
> jswingle@kaleolegal.com
> *Attorneys for Defendant Majesco Entertainment Co.*

> Ruffin Cordell
> Ahmed J. Davis
> Karolina Jesien
> FISH & RICHARDSON P.C.
> 1425 K Street, NW, 11th Floor
> Washington, DC 20005
> Telephone: (202) 783-5070
> Facsimile: (202) 783-2331
> cordell@fr.com
> davis@fr.com
> jesien@fr.com
> *Attorneys for Defendant Microsoft Corporation*

> /s/ Quentin R. Corrie
> Quentin R. ("Rick") Corrie, VSB #14140
> BIRCH, STEWART, KOLASCH & BIRCH, LLP
> 8110 Gatehouse Road, Suite 100 East
> P.O. Box 747
> Falls Church, VA 22040-0747
> (703) 205-8000
> (703) 205-8050 (facsimile)
> qrc@bskb.com